And Ms. Cazzani, I understand that Mr. Knapp is in the courtroom. I recognize you. Yes, he is, Your Honor. Thank you. Okay, Ms. Cazzani. Good morning. May it please the Court, I am Dorna Cazzani. I'm a certified law school graduate representing the petitioner here, Veronica Molina-Sosa. I'm being supervised by Professor Andrew Knapp from Southwestern Law School, who is the supervising attorney. We ask the Court to overrule the per se rule of the BIA's holding in its case, the matter of Martina Serrano. That holds that a 1325A2 conviction and a 18USC2 aiding and abetting conviction. Can I stop you right there? It's a 1325 conviction. How do we know it's an A2 conviction? I thought it was just a 1325 conviction. No, Your Honor. The factual basis for her plea does actually state that it's an A2 conviction, and she was originally charged with 1325A2 and a 1324 offense that was dropped. The Border Patrol officer who wrote up the first report stated 1325 in a broad way and maybe even just said 1324 alien smuggling, but the charge to which she pled was 1325A2. We're asking the Court to overrule Martina Serrano's holding that a 1325A2 conviction, aiding and abetting 1325A2 for eluding examination and inspection is per se grounds for establishing alien smuggling under 1182A6E1. Instead, we ask the panel to adopt its holding from Flores-Macedo where the Court found that neither the conviction 1325A2, aiding and abetting a 1325A2 conviction, nor the conduct that underlay in Flores-Macedo corresponded to or fell within the statutory bar of 1182A6E1. There, the Court ruled that the IJ and the BIA erred in deciding that the conviction alone made Flores-Macedo ineligible on grounds of being an alien smuggler. Here, Ms. Molina-Sosa, the petitioner's identical conviction was the grounds on which the IJ and the BIA relied for finding that she was barred from showing good moral character and was therefore ineligible for cancellation of removal. The result this Court reached in its unpublished case, Santana-Gonzalez, also supports what we're asking this Court to do. There, the BIA had relied entirely on Santana-Gonzalez's conviction, 1325A2 conviction, to decide that he was an alien smuggler. And that is a little bit different because he was a legal permanent resident, but at the same time, because it came after Martinez-Serrano and it's a recent case, it supports what we're asking this Court to do, which is overrule Martinez-Serrano, because obviously this is the kind of decisions that rely on it are repeating. Help me understand what the problem is. As I understand a violation of 1325, whether it's A1 or A2, the violation continues after the border crossing until the transportation ceases, the initial transportation ceases. That is correct, Your Honor. That is correct, you say. That is correct, Your Honor, but... Let me then go on to my question. I'm so sorry. So she's apprehended in a car with aliens and with at least one of the people in the car is an alien smuggler, and she's expecting payment for this. And she then pleads guilty to whether it's 1325 A2 or just 1325 period. She pleads guilty. I don't understand why that's not alien smuggling under 1182. Yes, Your Honor. Your Honor, I have two things to say to that. First of all, the difference between 1325 A1 and A2 is relevant because after Corrales, it was established that A2 convictions really were limited to eluding examination and inspection at a designated port of entry, whereas prior to Corrales, we know that the transport was being charged, you know, even if it was a week later in the middle of Los Angeles, as an A2 violation because it was deemed that this eluding was continuing. Here, Ms. Molina-Sosa was charged with A2, but the record only supports a conclusion that she had already entered. But I would – that she had – the record only supports a conclusion that she was transporting. That is the basis of her factual plea. That's what she says. And nothing in the BIA or IJ's decisions shows any reliance on any other record facts. But the more important point, Your Honor, is that the decision we're asking the court to review or the matter we're asking the court to review is a pure question of law. The BIA's decision only relies on Martinez-Serrano. It does not invoke any facts, and neither does the IJ's. And if we want to re-litigate the facts or come to other findings, this court would still have to remand? I'm still not – I'm struggling with this case. I'm still not understanding why – so she pleads guilty. She signs as a factual basis as part of her plea. And I'm just quoting from the BIA. I knew that the persons I was transporting were illegally in the U.S., and I was aiding and abetting their presence in the U.S. I was going to be paid to assist them in eluding examination and inspection by immigration officials of the United States. So that's basically what she's pleading to. Yes, Your Honor. I don't understand the argument as to why that's not alien smuggling under 1182. Yes, Your Honor. Under Altamirano, this court decided that an affirmative act of assistance was required to the entry for there to be alien smuggling. Prior to Altamirano, smuggling had been defined in cases like Lopez as distinct from transportation inside the country. It always required a bringing. Yes. So you're saying that the alien smuggling was complete at the time of entry? Is that the argument? My argument is that – Your argument is – Your Honor, we're not arguing about the alien smuggling, but if that is the question of the court, the record only points to conduct inside the country, and even though Covarrubias – I just want to – Yes, Your Honor. I'm trying to clarify. So you're saying – Thank you. Excuse me. You're saying – Sorry, I'm having a little coughing fit. I'm sorry. 1182 talks to entering, and she wasn't involved in their entering. She was involved later. That's what you're saying, right? Yes. Well, Your Honor, we are not saying she was or was not. What we are saying, this record and the decision – the record on which the decision relies points to no entry, only action, conduct inside, and as the en banc court held in Lopez, that is a distinct different offense, transporting within the country than bringing. And the thing is that even though, as Judge Fletcher pointed out, the act of smuggling doesn't necessarily end at the crossing itself, and Covarrubias holds that it ends when the initial transporter ends their transportation. Here, again, the transportation was undertaken by foot guides. Their initial transportation had reached its end point. Any conduct that's in the record is conduct within the United States. So let me make sure I understand what you just said. So you're saying that at the time that she acts, the transportation by the smuggler had ceased? I am, Your Honor, but that is not the basis for our argument here. Oh, okay. So first off, how do we know that the initial transportation by the smuggler had ceased? Your Honor, the questions of fact are not what we're asking this court to review. We are arguing that the decision that the BIA made relied on an erroneous holding of a BIA precedent case, which perhaps the BIA was obliged to follow. And we're asking this court to abrogate that holding because it is today erroneous, because we know that prosecutions were being brought long after the crossing had ended under 1325A2, as is supported by Flores Macedo and Santana Gonzalez. I don't mean to evade the questions you're asking, Judge Fletcher, but that is really not what we are here to argue. So let me just try to clarify. So you're saying that it's just that 1352 Section 2 is not a categorical match to Section 1182ABEI as a matter of law? As a matter of law, it's not, and it's not because the conduct that 1182A61 describes does not require a conviction. Under this court's holdings, the conduct that 1182A61 describes does not require a conviction. The conduct that 1182A61 statutorily describes involves aiding, abetting, encouraging, and inducing. And the encouraging and inducing, I suppose, where it removed, might reduce it to an aiding and abetting statute that could fit into a conviction. But here, this does not require a conviction. Does that answer your question, Judge Wardlaw, or not? Well, I thought your argument was that it's not a categorical match because it requires aiding and abetting at the time of entry. And, for example, in this case, the evidence is that smuggling, initial smuggling, had stopped. And this person was transporting just between two points in the United States, and that's no longer considered alien smuggling. That is my position, the petitioner's position, but my other argument to why the categorical approach doesn't apply is that the conduct that is prohibited under 1182 is broader and does not require a conviction. It is being applied in a much broader sense than a 1325A2 conviction, which is a very limited event, which doesn't correspond to the smuggling. You're over your time. What are you asking us ultimately to do? What relief are you asking for here? Your Honor, we're asking for a remand because our position is that the BIA relied only on Martina Serrano in its second decision. If it relied on any other record facts, they are not in the opinion, and at a remand, the court could make new findings of fact if necessary. We would also ask the court to consider publishing its opinion in this case so that the matter of Martina Serrano is once and for all overruled because its consequences carry on. We would say that the BIA's opinion in that case and its interpretation of 1325A2 offenses doesn't merit the same deference. This court usually affords agency interpretations of law because 1325A2 is a criminal offense and the BIA has no expertise in interpreting criminal law. Your Honor, before I sit down, which I am already sitting down, we learned yesterday afternoon that government counsel is not opposed to this case being sent to mediation to explore the possibility of a settlement. And we are also not opposed to that. If the panel would order mediation, that way if we're not able to reach an agreement, perhaps the panel might not have to rule until after the Hansen situation is resolved or the en banc hearing in Marcus Reyes. All right. Thank you, counsel. We'll hear from government counsel now. Thank you. Good morning, Your Honors. May it please the court. I'm sorry. May it please the court. Please ask mercy of the Office of Immigration and Litigation for the respondent. The first matter before the court is whether in accordance with the Supreme Court's decision in Patel v. Garland, this court lacks jurisdiction pursuant to 8 U.S.C. 1252A2BI to review the agency's denial of the discretionary relief of cancellation removal. In this respect, Patel makes clear that the jurisdiction stripping provision 8 U.S.C. 1252A2BI applies to the agency's judgment to deny cancellation removal for the applicant, whether or not it characterizes discretionary. In particular, the agency's judgment here mirrors the judgment in Patel that the Supreme Court found not reviewable under 1252A2BI. But that decision makes no new law in terms of we have jurisdiction to decide questions of law. Correct? Yes, Your Honor. That has been the law. That remains the law. And it sounds to me as though we're being asked to decide a question of law. And that is really basically what does a conviction under 1325A2 mean with respect to 1182? That's a question of law it seems to me. Well, Your Honor, as the respondent argues in their brief, even though the petitioner characterizes this as a question of law, it actually isn't. The disputes with the circumstances of her conviction essentially, including the fact of her conviction, are essentially disputes of fact, not questions of law. Aren't the basic facts undisputed that Malina Sosa picked up and transported undocumented persons in the United States for pay? And then it's a question of law whether those facts satisfy the definition of alien smuggling in 1182A6EI. Your Honor, as the respondent indicated in the brief, those are the circumstances cited by the Board. The Board, contrary to what the petitioner said, the Board here didn't simply rely on the conviction. They relied on certain circumstances that she was driving the transport vehicle, contact with the partner of the foot guide, her coordination of the rendezvous pick-up location, and of course the signed factual basis for plea in addition to the conviction of itself. However, despite these findings of fact by the agency, what the petitioner is now disputing, which was elucidated during her argument, was that she is arguing that it could be significant, because as the respondent argues, this isn't reflected in the record, that the individuals she was helping were already in the United States for a certain number of days, or that there is apparently a dispute on whether or not she was coordinating with the rendezvous pick-up location with the foot guide. Those are all factual questions that the petitioner brings up to dispute on whether or not she is a person described under 11286EI. It's not a question of whether or not she was convicted under 1325A1 or A2. That's not reviewable by the court any longer. There's simply the fact of her conviction and the factual circumstances of her conviction behind it, as to whether or not she is a member of one or more of the classes of persons, whether inadmissible or not, described in 1182A6EI. So, as we point out in our brief, we're not arguing about removability, we're not arguing about inadmissibility, and we're not even arguing about whether her conviction is under 1325A1 or 1325A2, which I would like to point out, contrary to what the petitioner said during her argument, the actual conviction documents simply say that she pled to 1325. It doesn't actually specify Section 1 or 2. But in either circumstances, what the agency looked at here was both the fact of the conviction and the factual circumstances behind the conviction. Can I interrupt for just a minute? I agree with that. I'm just looking at the BIA decision, is looking at the conviction, and is looking at the undisputed or admitted facts. Once you have undisputed or admitted facts by the other side, we're not talking about disputed facts, we're talking about application of law to undisputed facts. That's a question of law. Now, there may be other disputed facts lying behind this, but the BIA does not talk about disputed facts, does not resolve disputed questions of fact. It has, this is the first full paragraph on the second page of the BIA's opinion. Well, Your Honor, if I may plead your patience in explaining this, I think the question, Patel, is twofold. The first question is whether or not, obviously, this good moral character finding is a judgment regarding the granting of relief. And the second question is whether or not the court's jurisdiction is restored in any way by any issue raised by the petitioner that implicates a constitutional claim or question of law. So, as we argue in our brief, the question before the court is, does the petitioner's arguments here implicate a question of law or a mixed question of fact or law? And in this circumstances, the petitioner's arguments only implicate a challenge to the factual circumstances behind their conviction. The petitioner isn't actually raising a question of law. Can I interrupt just a minute? I want to understand your understanding of the law here. If we have a case in which the facts are undisputed, then the question is, what's the legal consequence of those facts? Is that a question of law? Well, as Guerrero Laspiria said, if there is undisputed facts and settled law, then the court's jurisdiction would be restored under 1202 A2D. Okay, don't talk so fast. Once we've established that, why is this case any different from that? Because there are no disputed facts that the BIA is relying on. Well, Your Honor, the BIA here did not... The board here laid out the factual findings and... No, it laid out the undisputed facts. Just look at the paragraph. That's what the BIA says in that paragraph that Judge Fletcher pointed you to. It is undisputed. The board said that it was an undisputed fact. However, what the petitioner is disputing is those findings of the board before the court. So, however, to the extent that the board only applied undisputed facts to the question of law, it is undecided whether or not that restores the court's jurisdiction under a mixed question of law, which is, I believe, what the court in this particular circumstance... Well, to the contrary in De La Rosa, just issued last month or something. Well, Your Honor, certainly I acknowledge that. I'm saying in this particular circumstance, it's not clear whether or not this case presents a mixed question of fact or law. Maybe we should move beyond that issue and get to the crux of this case, which is, I guess, the merits of whether Martina Serrano should be overruled. Well, Your Honor, as we argue in our brief, the board did not actually simply rely on the fact of... The petitioner here was inadmissible under 11A2C2I. The petitioner here... I'm sorry. The board here specifically cited the factual circumstances behind it, her testimony, the factual basis of the plea, as well as the fact of conviction. This case isn't similar to Santana Gonzalez in that circumstances. This is simply talking about whether those facts establish her good moral character. And just to bring Your Honors back to what happened in Patel, as I was saying, in Patel, Patel's testimony was that he had accidentally checked the citizen box on the application for a driver's license as not credible, and found rather that Patel had intentionally represented that he was a citizen. Here, Ms. Molina Sosa is saying similarly that these particular facts established that she was... She was an alien smuggler, essentially. She was not a person described as an alien smuggler. So, in that respect, this case is exactly like Patel, where they're taking those facts and they're finding whether or not those facts are as found... Are you still talking about reviewability? Your Honor, I was just making... We're moving on from that. Counsel, you only have four minutes left, and I still want to ask you about mediation. Well, Your Honor, as we established in our brief, just to... If Your Honors want me to return to the merits, as we stated in Martina Serrano, as we stated in our brief, the Board did not simply rely on Martina Serrano here. There's no need for the Court to reach a question of whether or not Martina Serrano is, per se, being applied here, because that's not what happened. So, here, what happened was the Board looked at the factual circumstances, and they applied it to the Goodmore Character Finder 111F3 and 1182A6C3. So, Your Honors, the question here... The questions underlying here are not a, per se, application of Martina Serrano. It's an application of the factual circumstances, and very pertinently, that these factual circumstances accord with this Court's decision in Orzo Corroborbius that the foot guide was still with the non-citizens who had been smuggled over the border, that the foot guide was still with them. So, it was a continuing violation, and Ms. Molina Sosa picked up the aliens plus the foot guide at that time. There's no question about that, as reflected in the record. Petitioner's Counsel tries to put doubt on that, but that is the facts of this case, and even though they may be disputing that, whether or not 1325A1 or A2, the different entries, Corrales-Vazquez is inapplicable here because the facts of this case establish it as different from all of those circumstances. So, in that respect, the Court should uphold the Court's decision in this case. It should dismiss in part and deny in part. Your adversary indicated that you had told her about mediation, and that the government wouldn't oppose that. Did I hear her correct? Yes. Which is? The Respondent is not opposed. I didn't hear. I'm sorry. Could you say that again? I'm sorry. The Respondent is not opposed to mediation in this case. Petitioner's Counsel contacted us last week with some additional information regarding the petitioner, and we would like the opportunity to discuss it in mediation. So, should we, as an initial matter, send this case to the Ninth Circuit Mediation Unit for mediation? Certainly. And if that fails, we would proceed to rule on the merits? Certainly. The Respondent would be amendable to that. Okay. Thank you very much, Counsel. Molina Sosa v. Garland. Oh, I'm sorry. Did you have, you had a minute left to respond? If I could take the minute, Your Honor. Of course. I can rebut the points. Thank you. Thank you, Your Honor. The points Ms. Morcia made, as far as jurisdiction goes, after Patel and, as Your Honor's pointed out, after de la Rosa, this question has jurisdiction over what is a pure question of law. And much as the Respondent would like to re-prosecute the case by bringing up facts, the BIA's decision does not rely on those facts. And the only basis for review by this Court, under the Chenery Doctrine, has to be the rationale of the BIA. And if there is any doubt, that in itself would require remand. Additionally, if the Court has any doubt about jurisdiction because it's not sure of the grounds of the BIA's affirmance, the Court would remand for lack of clarity for the BIA to clear up that confusion under its holding in San Pedro v. Ashcroft, which is a 2005 case. There really is nothing but a pure question of law here. And if the Court does make the decision to overrule Martinez-Serrano for pre-Corrales convictions that relied on it, that would affect the plight of other individuals seeking relief to get a green card, various other things, that would benefit from that ruling. Thank you very much, Your Honors. Thank you very much, Counsel. Melina Sosa v. Garland will be submitted.
judges: WARDLAW, FLETCHER, Korman